’OPINION OF THE COURT — by
Chief Justice TURNER.
A widow is clearly endowable of an equity of redemption. So, if she *371 has relinquished her dower, by joining her husband in a mortgage deed to his creditor, she may redeem as well as her husband. If the husband redeems, her dower revests in her. If she redeems, she must do it for the whole, by paying all that is due, and then she is either thrown back to her former right of dower, absolutely, or she becomes the mortgagee’s assignee and can foreclose against the heirs of the husband.
The widow does not relinquish her right of dower to her husband, or his heirs. She does it to a stranger, her husband’s creditor, and the heirs of her husband cannot resist her claim of dower on the ground of this contract, as it is not made with them. Her husband died possessed of an equity of redemption; and she is dowable of that. She cannot be affected injuriously by the bill of Rutherford filed to foreclose the mortgage. If Rutherford had ejected the mortgagors, they would have their right to redeem, on tendering the sum really due — principal debt and lawful interest. But*the complainant, seeking to foreclose this equity of redemption, cannot have a decree for more interest than the law allows on his contract; and that is none at all, as his conduct sabjected him to this loss. Having a strictly legal right, he must take it as the law gives it to him. But when mortgagors seek to be relieved against (the legal effect of the mortgage, they ask an equity which the law would not give, and must offer to do equity on the one hand, to entitle themselves to receive itjon the other. What is that equity? Why, to be relieved from the forfeiture of the mortgaged premises, by paying up the principal debt, with lawful interest. The cross bill is not considered necessary for the protection of the rights of Mrs. Munce. The complainant is entitled, if he insists on it, to his decree of foreclosure.
Authorities cited. — -2 Pickering, 514, Revised code, 457; 7 John., Oh. Rep., 250; 2 Coxe; 7 Mass. 361; 4 B. C. C. 436; Cooper’s Eq., 86; 1 Mad. ch., 305,241.